**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 20-cv-01112

BRADLEY LYBARGER on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

ARK WOODWORKS, INC, and
NASSER HAJI-SARVESTANI

    Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendants.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants as hourly woodworker employees.

2. Defendants refused to pay Plaintiff and their other employees one and one-half times their regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because that Act requires employers to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage of Workers Act

("CMWWA"), C.R.S. § 8-6-101 *et seq.* as implemented by the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1, because that Act requires employers to pay employees one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and beyond twelve each workday.

5. Plaintiff seeks compensation for Defendants' violations of the FLSA and the MWO on his own behalf and on behalf of all other similarly-situated hourly employees.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Bradley Lybarger was employed by Defendants from approximately February 28, 2020 through approximately March 17, 2020 Plaintiff Lybarger's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

7. Defendant Ark Woodworks, Inc. is a registered domestic corporation which has a principal street address of 878 Baseline Place, Brighton, Colorado 80603.

8. Defendant Nasser Haji-Sarvestani is an owner and manager of Ark Woodworks.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

10. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims brought under the MWO pursuant to 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

12. Plaintiff and those similarly situated worked as hourly woodworker employees for Defendants.

13. Defendants refused to pay Plaintiff and those similarly situated overtime wages for hours worked beyond forty each workweek and beyond twelve each workday.

14. Rather, Defendant only paid overtime wages when an employee exceeded 80 hours in a two-week period, rather than when an employee exceeded 40 hours in a given workweek, or twelve hours in a given workday, as is required by law. This practice resulted in Defendants failing to pay employees their earned overtime wages.

15. For example, during the pay period running from February 23, 2020 through March 7, 2020, Plaintiff worked a total of 59.25 hours and was not paid overtime wages per Defendants' practice. Plaintiff worked 10 hours during the first workweek of the pay period (February 23 through February 20, 2020) and worked 49.25 hours during the second workweek of the pay period (March 1 through March 7, 2020). Defendants failed to pay Plaintiff overtime premiums for the hours worked beyond 40 during the second workweek of the pay period.

16. Similarly, during the period from March 9 through March 13, 2020, Plaintiff worked 47.5 hours and was not paid at a time-and-one-half rate for the hours he worked beyond 40.

17. Employing this overtime avoidance scheme, Defendants willfully violate their employees' right to be paid overtime wages for overtime hours worked.

18. Defendants subjected all their hourly employees to these policies and practices of avoidance of overtime wage payments. To wit, Defendant Haji-Sarvestani informed Plaintiff on March 13, 2020 that his company-wide policy regarding overtime wage payments is: "You've gotta get your 80 hours first" before overtime wages might be paid.

19. At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

20. At all times relevant to this action, Plaintiff and Defendants' other employees performed woodworking labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

21. Defendant Ark Woodworks, Inc. sold and offered for sale a service (woodworking services) to the consuming public, and generated 50% or more of its annual dollar volume of business from such sales.

22. Plaintiff and Defendants' other employees handled woodworking materials and equipment, such as wood, glue, hardware, hand tools and power tools, which moved in interstate commerce each year relevant to this action.

23. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24. Defendant Nasser Haji-Sarvestani, at all material times, exercised operational control and financial control over the Ark Woodworks enterprise and exercised control over the terms and conditions of employment of his employees. For example, Defendant Haji-Sarvestani hire and fired his employees, directed his employees as to their job duties, decided how much his employees would be paid, set his employees' work schedules, made all important financial decisions regarding the enterprise, and made the decision to avoid paying overtime wages.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM**

25. Plaintiff asserts his First Claim, brought under the MWO, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

26. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All Ark Woodworks hourly employees who worked on or after April 21, 2014.

27. This action is properly brought as a class action for the following reasons.

28. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked.

29. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-75 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

30. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages for overtime hours worked.

31. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime wages as required by law. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff

challenges with his claims. If Defendants' policy of failing to pay overtime was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

33. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

34. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

35. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

36. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

37. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

38. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

39. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

40. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

41. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings his Second Claim, brought under the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All Ark Woodworks hourly employees who worked on or after April 21, 2017.

43. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

44. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

**FIRST CLAIM – Failure to Pay Overtime Premiums**
**Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)**

45. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

46. Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

47. Defendant Ark Woodworks, Inc. was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado. 7 C.C.R. 1103-1(2).

48. Plaintiff and others were this Defendant's "employees" as that term is defined by the MWO because they performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

49. This Defendant employed Plaintiff and others in a Retail and Service enterprise which sold and offered for sale a service (woodworking services) to the consuming

public, and which generated 50% or more of its annual dollar volume of business from such sales. 7 C.C.R. 1103-1(2)(A).

50. This Defendant violated the MWO when it failed to pay Plaintiff and others overtime premiums for hours worked over forty in each given workweek and for hours worked beyond twelve in each given workday (7 CCR 1103-1(4)).

51. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

52. Plaintiff and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit.  Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

53. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

54. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

55. Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

56. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

57. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

58. Defendants violated the FLSA when they refused to pay Plaintiff and others for overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. §

207.

59. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

60. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

61. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**WHEREFORE**: As to his FIRST CLAIM brought pursuant to the MWO, Plaintiff respectfully requests an Order from the Court that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. Plaintiff be certified as the class representative of the Rule 23 Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

    e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

    f. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

    g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

And as to his SECOND CLAIM brought pursuant to the FLSA, Plaintiff respectfully requests an Order from the Court that:

    a. Appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members promptly;

    b. Plaintiff and those who opt-in to the action be awarded unpaid overtime premiums;

    c. Plaintiff and those who opt-in to the action be awarded liquidated damages as required by law;

    d. Plaintiff and those who opt-in to the action be awarded pre-judgment and post-judgment interest as permitted by law;

    e. Plaintiff and those who opt-in to the action be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiff and those who opt-in to the action be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
2400 Broadway, Suite B
Boulder, CO 80304
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*