## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into this ____ day of August, 2020 by and between Bradley Lybarger ("Plaintiff") and Ark Woodworks, Inc. and Nasser Haji-Sarvestani ("Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

RECITALS:

A. WHEREAS, this dispute is the subject of a civil action captioned Bradley Lybarger v. Ark Woodworks, Inc. and Nasser Haji-Sarvestani, Case No. 20-cv-01112, pending before the United States District Court for the District of Colorado (the "Lawsuit"); and

B. WHEREAS, the Parties desire to settle and finally resolve the Dispute on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises and agreements set forth in this Agreement, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree as follows:

AGREEMENT:

1. Recitals. The Recitals set forth above are hereby incorporated in and made a part of this Agreement by this reference.

2. Settlement Payments. Defendants agree to pay ~~to~~ Plaintiff's reasonable attorney fees and costs as awarded by the court, not to exceed $4,637.50 for attorney's fees and not to exceed $523.00 for costs. In addition, Defendants agree to pay to Plaintiff $500.00 for his claims. ~~the amount of $5,660.50. Of this, $500.00 will be paid to the Plaintiff, $4,637.50 will be paid to Plaintiff's counsel for attorney's fees, and $523.00 will be paid to Plaintiff's counsel for costs.~~ Payment shall be made no later than ten (10) days after the execution of this Agreement but shall not be distributed until after court approval of the settlement.

3. Release. In consideration for covenants and agreements herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following release ("Release"):

   a. Conditional upon the Court granting the Defendants Unopposed Motion to Approve Settlement Agreement, attached hereto as Exhibit A, and conditional upon Plaintiff's receipt and clearance of the Settlement Payment, Plaintiff hereby releases, discharges, and acquits Defendants, and their attorneys, and each of their affiliates, successors, predecessors, trustees, assigns, investors, past, present or future employees, officers, directors, shareholders, representatives, agents, insurers, attorneys, and any and all other persons, entities and agencies operating on its behalf from any and all claims, counterclaims, demands, actions, debts, rights, controversies, contracts, liabilities, damages, or causes of action whatsoever, known or unknown, in law or in equity, asserted or non-asserted, which Plaintiff now has, has ever had, or may at any time hereafter have against Defendants, or their attorneys, by reason of any matter, cause or event, related to the Lawsuit.

      b. Conditional upon the Court granting the Defendants Unopposed Motion to Approve Settlement Agreement, attached hereto as Exhibit A, Defendants hereby release, discharge, and acquit Plaintiff, and each of its affiliates, successors, predecessors, trustees, assigns, investors, past, present or future employees, officers, directors, shareholders, representatives, agents, insurers, attorneys, and any and all other persons, entities and agencies operating on its behalf, from any and all claims, counterclaims, demands, actions, debts, rights, controversies, contracts, liabilities, damages, or causes of action whatsoever, known or unknown, in law or in equity, asserted or non-asserted, which Defendants now have, have ever had, or may at any time hereafter have against the Plaintiff, by reason of any matter, cause or event, related to the Lawsuit.

      c. The Parties understand and acknowledge that, notwithstanding any provision to the contrary contained herein, for purposes of this Release and as used herein, the term "Claims" includes, without limitation, all claims, actions, causes of action, demands, compensation, reimbursement, and damages including, without limitation, nominal, actual and compensatory damages, punitive or exemplary damages, all tort claims and damages, contractual claims and damages, statutory claims, penalties, costs, expenses, attorneys' fees, and interest.

      d. The parties understand and agree that this Agreement only resolves the claims between the Plaintiff and Defendants.

4. Modification. No modification of any terms of this Agreement shall be valid or binding upon the parties or entitled to any enforcement whatsoever unless such modification is reduced to writing and signed by all parties and made an Order of Court.

5. Knowledge. All parties have entered into this Agreement with full knowledge and understanding of the terms and provisions hereof. Further, each party acknowledges they are entering into this Agreement freely, voluntarily, and without coercion. The Parties agree that in entering into this Agreement, they are relying upon their own judgment, belief, and knowledge as to all phases of their claims and further acknowledge that no promise, inducement or agreement or any representations and warranties not expressed herein have been made to procure their agreement. The Parties further acknowledge that this Agreement is contractual and not merely recital and that they have read, understand, and fully agree to the terms of this Agreement.

6. Consent or Waiver. No consent or waiver, express or implied, by either party hereto with respect to any default by the other party hereto in the performance of its obligation hereunder shall be deemed or construed to be a consent of waiver with respect to any breach or default in the performance by that party and/or the same or any other obligation of that party hereunder.

7. No Admission of Liability. It is understood that this Agreement is a compromise of existing and disputed claims, and that the Settlement Payment set forth in Paragraph 2 of this

Agreement, and any other provisions of this Agreement, are not to be construed as an admission of liability on the part of either Party.  No Party executing this Agreement admits to any of the allegations or claims made by the other.

8. Cooperation. The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

9. Authority.  The Parties to this Agreement expressly warrant and represent to all other Parties that each has the full right and authority to enter into this Agreement as provided herein and that no approvals or consents or any other persons, entities or agencies are necessary to effect the same.

10. Successors and Assigns.  The Parties represent and warrant that they have not made any assignment of claims that would be covered by this Agreement.  This Agreement shall be binding and inure to the benefit of the Parties hereto, their predecessors, parents, subsidiary and affiliated business entities, all officers, directors, shareholders, members, agents, employees, attorneys, assigns, heirs, successors, executors, administrators and legal representatives of whatsoever kind or character in privity therewith.

11. Representations and Warranties.  The representations and warranties of the Parties contained in this Agreement are deemed to survive the execution and effectiveness hereof.

12. Captions and Pronouns.  All pronouns and variations thereof shall be deemed to refer to the masculine, feminine or neuter, and to the singular or plural, as identity of the person may require.  Captions or paragraph titles are used in this Agreement for convenience or reference and in no way define, limit, extend or describe the scope or intent of this Agreement or any of its provisions.

13. Governing Law. This Agreement shall be interpreted, construed and enforced in accordance with the substantive laws of the State of Colorado without regard to its principles of conflict of laws.  Any action or proceeding to construe or enforce this Agreement or to recover damages for its breach shall be brought and venue shall lie in a court of competent jurisdiction in the State of Colorado. Should any Party move to enforce the agreement, the prevailing Party in such suit shall be entitled to recover her or his attorney fees and costs from the non-prevailing Party(ies).

14. Construction.  Each Party has been provided the opportunity to revise this Agreement and to have the terms of this Agreement reviewed by legal counsel. Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement. Instead, the language of all parts of this Agreement shall be construed as a whole, and according to its fair meaning, and not strictly for or against any Party.

15. Negotiated Terms. The terms of this Agreement are contractual, and not mere recitals, and are the result of thorough negotiations among the Parties.

16. Severability. Every term and provision of this Agreement is intended to be severable. In the event any term or provision in this Agreement is declared illegal, invalid, or otherwise unenforceable by a court of competent jurisdiction, such illegality, invalidity, or unenforceability shall not affect the remaining terms and provisions of this Agreement, which shall remain fully valid, binding, and enforceable.

17. Counterparts. This Agreement may be executed in any number of counterparts and by any number of counterpart signature pages, whether transmitted by e-mail, facsimile, or otherwise, each of which shall be regarded as an original with the same effect as if each of the signatures were affixed to the same instrument.

18. Entire Agreement. This Agreement, together with any exhibits attached hereto and identified herein, contains the entire agreement between the Parties with respect to the subject matter hereof and supersedes any and all prior and contemporaneous representations, understandings and agreements between the Parties with respect to the matter hereof.

19. We have fully read and understand the terms of the foregoing Settlement Agreement and Final Release, have had an opportunity to consult with our attorneys regarding the scope of this Agreement, and being fully advised, freely, and voluntarily execute this Agreement.

BRADLEY LYBARGER

By: _____
Title: _____

Date: _____


ARK WOODWORKS, INC.

By:_____
Title:_____

Date:_____

NASSER HAJI-SARVESTANI

By:_____
Title:_____

Date:_____

APPROVED AS TO FORM:

_____
Counsel for Defendants


_____
Counsel for Plaintiff